1   Zachary L. Ayers
2   Ayers Law Firm, P.L.L.C.
    1312 North Monroe Street, Suite 133
3   Spokane, Washington 99201
    Telephone: (509) 252-6005
4

5
                    United States District Court
6                   Eastern District of Washington
                  (Honorable Salvador Mendoza, Jr.)
7

8   United States of America,              No. 4:21-CR-06042-SMJ-20

9                   Plaintiff,             Motion to Continue Pre-Trial and Trial
                                           Dates and Declare Case Complex
10        v.
                                           **Notice of Hearing on Motion**
11  Khalil Abdul-Razaq.                    January 20, 2022 at 11:15 a.m.

12                  Defendant(s).

13

14        Khalil Abdul-Razaq, through counsel, Zachary L. Ayers of Ayers Law Firm,

15  P.L.L.C., moves the Court to declare the case complex.

16

17  **1. Facts.**

18        On December 7, 2021, the government obtained a 138 count containing

19  allegations against 23 named defendants. (ECF 1). Count 126 alleges conspiracy to

20  commit mail fraud and wire fraud, count 127 alleges a conspiracy to commit health

21  care fraud, and count 128 alleges conspiracy to obstruct an official proceeding. (ECF

22  1). Count 126 alleges the conspiracy took place between July 4, 2017 and continuing

23  through September 25, 2020. (ECF 1). Thus, the investigation into this alleged multi-

24  defendant conspiracy has extended over a lengthy period of time. Due to the number

25  of alleged staged car accidents and allegations stemming from that, the penalty for

26

27

28

many of these allegations is not more than 20 years.

Discovery has not been disclosed yet, but the indictment on its face indicates a voluminous amount of discovery with the 23 indicted defendants.

The government has notified defense counsel that it will be furnishing a large volume of discovery in this case.[1] The government has already filed a motion for a protective order. Counsel has contact AUSA George Jacobs who does not object to this motion.

Under these circumstances, additional time beyond the normal time limits provided for the Speedy Trial Act will be required to allow defense counsel sufficient time to effectively prepare a defense. Defense counsel will not have a complete grasp of the actual amount of time needed for discovery organization and review of the "voluminous amount of material" until after the government has provided the material.

It is anticipated that pretrial motions will be extensive in this case. Considering the anticipated volume of discovery, defense counsel will need ample time for review, investigation and research in order to effectively prepare pretrial motions. Considering the complexities of this case, this Court should declare the case complex. The Court is asked to exclude from the speedy trial calculation the additional time needed for pretrial motion preparation and for trial preparation due to the complex nature of the

---

[1] Co-Defendant Hussein Yasir's Motion for Discovery Conference Hearing details the amount of discovery received thus far as being 931 GB of discovery with thousands of files and file types. (ECF 156).

case.

## 2. Authority

The Speedy Trial Act (act) requires that a trial commence within 70 days after the filing of an indictment, or within 70 days after a defendant's first appearance on an indictment, whichever time is later. 18 U.S.C. §3161(c)(1). The Act permits the Court to continue a criminal proceeding beyond the 70-day limit on a finding "that the ends of justice served by takin such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). the Act then sets out some of the actors that the Court must consider to determine if the reasons for granting a delay beyond the 70-day limit outweighs the public and defendants' interest in a speedy trial. The Act states:

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (a) of this paragraph in any case are as follows:
> ...
>> (ii) Where the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section.

18 U.S.C. §3161(h)(7)(B)(ii).

The Ninth Circuit has previously recognized that "the delay that can be tolerated for an ordinary street crime is considerably less for a serious, complex conspiracy charge." *United States v. Simmons*, 536 F.2d 827, 831 (9th Cir. 1976). In *United States v. Mincoff*, the Ninth Circuit held that allegations that involved 34

individuals in four indictments connected by common evidence and involving volumes of discovery justified the district court in finding that the cases were "unusually complex" under the provisions of the Act. 574 F.3d 1186, 1199 (9th Cir. 2009). The Ninth Circuit also held that a 15-month delay between arraignment and trial did not violate the Act due to the "extreme complexity of the case" in a conspiracy prosecution involving 24 co-defendants. *United States v. Baker*, 10 F.3d 1374, 1401 (9th Cir. 1993), *overturned on other grounds*, *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000).

Likewise, the Ninth circuit held that the district court did not violate the Act when it excluded time from the speedy trial calculation in a conspiracy case on the following findings:

> The severity and complexity of the charges indicated that counsel would need extra time to conduct discovery, file pretrial motions and to prepare defenses to the charges. The conspiracy covered six states and involved nine defendants charged in a 29-count indictment. The wiretap evidence consisted of hundreds of hours of tape time. Discovery was voluminous.

*United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993).

This case involves 23 co-defendants, alleged to be involved in conspiracies concerning wire fraud, mail fraud, health care fraud, and tampering with witnesses. The time frame spanned nearly 3 years. Based on the indictment, it appears there will be voluminous documentary evidence from checks, to law enforcement reports and insurance company reports and bank records.

Although the discovery process has commenced, there is no indication when

the government will fulfil all of its discovery obligations. Due to all of the circumstances that exist in this case, the Court is justified in finding that this case is "unusually complex" under the term of subparagraph (ii) in § 3161(h)(7)(B). The Court is justified in finding that this case is "unusually complex" under the term of subparagraph (ii) in §3161(h)(7)(B). The Court is, therefore justified in establishing time limits beyond the 70-day speedy trial limit provided for in the Act.

### 3. Conclusion

Based on the foregoing, it is requested that the Court declare this a complex case and give defense counsel sufficient time to adequately and effectively prepare pretrial motions and prepare a defense.

DATED this 29th day of December 2021.

Respectfully Submitted,

s/Zachary L. Ayers
Zachary L. Ayers, WSBA#46496
Attorney for Khalil Abdul-Razaq.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe St., Ste. 133
Spokane, WA 99201
Telephone: (509)252-6005
Email: zach@ayerslawfirm.net

**Service Certificate**

I hereby certify that on December 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Assistant United States Attorney's George Jacobs and Dominique Park.

s/Zachary L. Ayers
Zachary L. Ayers, WSBA#46496
Attorney for Khalil Abdul-Razaq.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe St., Ste. 133
Spokane, WA 99201
Telephone: (509)252-6005
Email: zach@ayerslawfirm.net
