Craig D. Webster
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Ali Abed Yaser

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Mary K. Dimke

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. 4:21-CR-6042-MKD-1 |
| v. | |
| Ali Abed Yaser, | Defendant's Sentencing Memorandum |
| Defendant. | |

Ali Abed Yaser, by and through his attorney, Craig D. Webster, for the Federal Defenders of Eastern Washington and Idaho, respectfully submits this sentencing memorandum, and requests that the Court impose a sentence of 35 months confinement, 3 years of supervised release, and restitution. For the reasons that follow, Mr. Yaser believes a sentence of 35 months confinement with 3 years of supervised release

Defendant's Sentencing Memorandum 1

is a sentence sufficient but not greater than necessary to effectuate the purposes of sentencing under 18 U.S.C. § 3553(a).

## I. Status of the Case

Mr. Yaser was arraigned on the indictment on December 13, 2021.[1] On October 7, 2022, Mr. Yaser entered a plea of guilty to 6 counts in the indictment.[2] On that same date the Court accepted Mr. Yaser's guilty plea.[3] The Plea Agreement was entered pursuant to Federal Rule of Criminal Procedure -Rule 11(c)(1)(C).[4] The Plea Agreement has an agreed range of 35-51 months in custody, to be followed by a 3-year term of Supervised Release.[5] Mr. Yaser has agreed to pay $126,990.01 (jointly and severely) in restitution.[6] The remaining

---

[1] *See* ECF No. 83.

[2] *See* ECF No. 631.

[3] *See* ECF No. 631.

[4] *See* ECF No. 629 at pgs. 3-4.

[5] *See* ECF No. 629 at pgs. 3-4.

[6] *See* ECF No. 629 at pg. 27.

Defendant's Sentencing Memorandum 2

counts in the indictment will be dismissed at the conclusion of sentencing.[7]

Mr. Yaser awaits his sentencing on January 26, 2023. Mr. Yaser has been incarcerated at the Benton County Jail since his initial arrest on October 27, 2021.[8]

## II. Base Offense Level and Enhancements

Mr. Yaser has filed his objections to the draft Pre-Sentence Investigation Report ("PSR").[9] Mr. Yaser disagrees with probation's total offense level (24) and advisory, non-mandatory guideline range of 51-63 months.[10] Mr. Yaser believes that his total offense level should be calculated as 21 and that his advisory, non-mandatory guideline range should be 37-46 months.[11] Based on the sentencing factors and the unique individual characteristics of Mr. Yaser, a downward departure is justified. Regardless of the ultimate calculation, Mr. Yaser recommends

---

[7] *See* ECF No. 629 at pg. 22.

[8] *See* ECF No. 20.

[9] *See* ECF No. 711.

[10] *See* ECF No. 704 at pg. 31.

[11] *See* ECF No. 711 at pgs. 3-7.

Defendant's Sentencing Memorandum 3

a sentence of 35 months confinement to be followed by 3 years supervised release.

### III. Analysis of 18 U.S.C. § 3553(a) factors

Title 18, U.S. Code § 3553(a) directs this Court to impose a sentence that is "sufficient, but not greater than necessary" to meet the purposes of punishment. 18 U.S.C. § 3553(a)(2). Based on the factors discussed below the defense believes that a sentence of 35 months confinement to be followed by 3 years of supervised release meets this standard.

#### A. The Nature and Circumstances of the Offense and Characteristics of Mr. Yaser

The nature and characteristics of the offense support a sentence of 35 months confinement with 3 years of supervised release and repayment of restitution. The offense was serious and Mr. Yaser will be paying for his crimes financially for decades. As the family patriarch, a role Mr. Yaser takes seriously, he has made things worse for his family. Mr. Yaser will have to make amends for the damage he has caused to his family. Mr. Yaser is remorseful for his conduct and the harm he has caused to those which mean the most to him. Mr. Yaser has not been

Defendant's Sentencing Memorandum 4

able to speak to his wife and son for over a year now. Throughout the time of this case they have always been his priority.

Mr. Yaser is 52 years old.[12] Mr. Yaser was born in Iraq and remained there until he was 29 years old.[13] Mr. Yaser came as a refugee to the United States at the age of 39.[14] Mr. Yaser has lived in Kennewick, WA since coming to the United States.[15] In 2016, Mr. Yaser became a naturalized US Citizen.[16]

Mr. Yaser has been with his wife since approximately 1999.[17] Mr. Yaser has three children and is a loving father.[18] He has two girls and a boy.[19] His middle child suffers from Downs Syndrome and requires

---

[12] *See* ECF No. 704 at pg. 3.

[13] *See* ECF No. 704 at pg. 24.

[14] *See* ECF No. 704 at pg. 24.

[15] *See* ECF No. 704 at pg. 24.

[16] *See* ECF No. 704 at pg. 25.

[17] *See* ECF No. 704 at pg. 25.

[18] *See* ECF No. 704 at pg. 25; See Exhibit A.

[19] *See* ECF No. 704 at pg. 25; See Exhibit A.

Defendant's Sentencing Memorandum 5

extra care.[20]

Mr. Yaser has a 9th grade education.[21] Despite his lack of education or vocational training he was the owner and operator of Blackhawk Roofing and Construction.[22] Mr. Yaser is experienced in construction and home health care.[23] Mr. Yaser also successfully obtained a Home Care Aide Certification.[24] Mr. Yaser worked as a long-term health care provider for approximately 4 years.[25]

Mr. Yaser has no prior criminal convictions.[26] His only criminal charge was an Assault 4 Domestic Violence gross misdemeanor.[27] Mr. Yaser successfully completed a 24 month Stipulated Order of

---

[20] *See* ECF No. 704 at pg. 25; See Exhibit A.

[21] *See* ECF No. 704 at pg. 26.

[22] *See* ECF No. 704 at pg. 26.

[23] *See* ECF No. 704 at pg. 26.

[24] *See* ECF No. 704 at pg. 26.

[25] *See* ECF No. 704 at pg. 26.

[26] *See* ECF No. 704 at pg. 23.

[27] *See* ECF No. 704 at pg. 23.

Defendant's Sentencing Memorandum 6

Continuance (SOC) resulting in the charge being dismissed.[28]

Mr. Yaser was a respected member of Kennewick's Iraqi community. He often opened his house to host religious and community gatherings. He took pride in hosting and providing for his local community. Members of Mr. Yaser's community have shown support for him throughout his case. Letters of support have been provided by many members of the community on his behalf.[29]

Mr. Yaser's personal characteristics suggest that a 35 month sentence to be followed by 3 years supervised release is more than enough incarceration. Any more than that is likely to be counter-productive and is more than necessary. Additionally, Mr. Yaser has agreed to pay a significant amount of restitution. It will take him years to pay back the restitution to the insurance companies. He is still able to work and pay back his debt.

Mr. Yaser has consistently been concerned about the well-being of his family. The position in which he has placed them based on his poor

---

[28] *See* ECF No. 704 at pg. 23.

[29] *See* Exhibit B.

Defendant's Sentencing Memorandum 7

decisions weigh on him heavily. From the beginning he has been focused on their health and well-being while he is incarcerated. Mr. Yaser is desperate to serve his time and to once again be able to provide for his family. His daughter's Downs Syndrome and his wife's recent cancer diagnosis give him great concern about his family's ability to survive while he is incarcerated.

Mr. Yaser has shown in the past that he can be successful under Court order. Mr. Yaser has been incarcerated for approximately 14 months and has been unable to speak to either his son or his wife. This has made a big impact on Mr. Yaser and is a major deterrent to any future misconduct on his behalf. The requested sentence is a significant amount of incarceration and supervision for a person with no prior criminal convictions. Mr. Yaser appears to have been a model prisoner during his incarceration at the Benton County Jail.

### B. The need for the sentence imposed

Mr. Yaser is facing serious punishment for his actions. Mr. Yaser has agreed to pay approximately $126,000 in restitution. This will make the victim insurance companies whole. This will likely take at least a decade to repay. Fortunately, Mr. Yaser has a record of being a

Defendant's Sentencing Memorandum 8

productive member of society and business owner. The sooner he re-enters the job market the sooner he will be able to repay his restitution. Mr. Yaser is 52 years old. A 35 month sentence is a significant amount of time before he is able to re-enter the workforce. Any more is unnecessary and takes away from his prime earning years.

Furthermore, Mr. Yaser's obstructive conduct was limited to words only. 35 months of incarceration are a significant amount of time for his conduct. Additionally, 3 years of supervised release will keep him monitored and on track. Mr. Yaser has never been on federal probation before.

A sentence of 35 months imprisonment, $126,000 restitution, and 3 years of supervised release is a just sentence. The length of incarceration in federal prison, the threat of future prison with non-compliance, and the backbreaking restitution all are a strong deterrent to future criminal misconduct. Additionally, they should provide strong protection for the public.

Mr. Yaser's actions have destroyed his life. It will take him a long time to recover from his sentence. A sentence of 35 months imprisonment, $126,000 restitution, and 3 years of supervised release is

Defendant's Sentencing Memorandum 9

a sufficient sentence under the 3553 factors and is no more than is necessary.  Mr. Yaser respectfully requests that the Court adopt his recommended sentence.

## Conclusion

For all of the foregoing reasons, Mr. Yaser respectfully asks the Court to adopt his recommendation of 35 months confinement, 3 years of supervised release, and with restitution to make the insurance companies whole.  With respect, Mr. Yaser asks the Court to follow this recommendation.

Dated:  January 11, 2023.

Respectfully Submitted,

By s/ Craig D. Webster
    Craig D. Webster,
    WSBA# 40064
    Attorney for Ali Abed Yaser
    Federal Defenders of Eastern Washington and Idaho
    306 East Chestnut Avenue
    Yakima, Washington 98901
    (509) 248-8920
    (509) 248-9118 fax
    Craig_Webster@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: George JC Jacobs, III, Assistant United States Attorney, and Shawn Kennicutt, United States Probation Officer.

By <u>s/ Craig D. Webster</u>
Craig D. Webster