Douglas E. McKinley, Jr.
Law Office of Douglas E. McKinley, Jr.
8350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809

Attorney for Defendant

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON, RICHLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiffs,<br><br>v.<br><br>**JESUS GEORGE SANCHEZ,**<br><br>Defendant, | NO. 4:21-cr-06042-SMJ-21<br><br>**DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR ADJUSTMENT PURSUANT TO UNITED STATES SENTENCING GUIDELINES (USSG) § 3B1.2** |

## Summary

The defendant, Jesus George Sanchez, through counsel, Douglas E. McKinley, Jr., submits this sentencing memorandum and requests a sentence of no confinement, three years of post-release supervision, a money judgment of

-1 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
(509) 392-8083 fax
doug@mckinleylaw.com

$40,195.12 towards a total restitution obligation of $76,277, owed joint and severally with his co-defendant sister, MARIA ELENA SANCHEZ, to State Farm Insurance Company (Claim number 74-7403-Z86), with interest waived.

### Section I. Offense Level & Criminal History

On August 18, 2022, Mr. Sanchez appeared before the Court and entered a plea of guilty to 5 felony counts of the Indictment returned by the Grand Jury on December 7, 2021 as follows:

Counts 29 and 31, charging Mail Fraud, in violation of 18 U.S.C. § 1341,

Count 33 charging Wire Fraud, in violation of 18 U.S.C. § 1343,

Count 126 charging Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349, and

Count 127 charging Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 1349.   ECF 591.

Mr. Sanchez made no objections to the Presentence Investigation Report. The probation officer computed the guideline range in the PSIR as 8-14 months with the following specific characteristics:

TOTAL OFFENSE LEVEL: 11

-2 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
 (509) 392-8083 fax
doug@mckinleylaw.com

CRIMINAL HISTORY SCORE: 0

CRIMINAL HISTORY CATEGORY: I

ZONE: B. (In the discussion section of the Zone in the PSIR at paragraph 122, the Probation Officer correctly recites that these characteristics would be in Zone B of the Sentencing Table. The designation of Zone D is found in the summary at paragraph 151 of the PSIR therefore appears to be a typographical error.) ECF 931.

The government did not file any review of Presentence Investigation Report and made no recommendations for sentencing other than those set forth in the plea agreement between the parties, in which the government agreed as follows:

> The United States agrees to recommend a sentence of imprisonment at the low-end of the adjusted sentencing range under the USSG as determined by the Court at the time of sentencing. The Defendant is free to recommend any legal sentence he deems appropriate. Again, the Defendant understands that the Court will ultimately determine the applicable sentencing guideline range and is not bound to follow the recommendations of the parties and that the Court may also depart or vary downward or upward under the appropriate circumstances from the applicable advisory sentencing range.
>
> and
>
> The Defendant is free to move for a departure and/or variance under 18 U.S.C. § 3553. The United States intends to seek a guidelines sentence.

ECF 591, ¶ 9 and 10.

-3 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
(509) 392-8083 fax
doug@mckinleylaw.com

Mr. Sanchez does not dispute the calculations set forth in the PSIR, except Mr. Sanchez notes that a total offense level of 11, a criminal history score of 0 and a criminal history category of I is in Zone B of the sentencing table, not Zone D. USSG §5A.  As set forth below, Mr. Sanchez further respectfully requests a 3 level downward adjustment pursuant to USSG § 3B1.2, which would result in a total offense level of 8, Zone A, and a guideline range of 0-6 months.

## Section II. Departures

Mr. Sanchez respectfully requests a 3 level downward adjustment pursuant to USSG § 3B1.2, as Mr. Sanchez was a minor or minimal participant in the crimes to which he has plead guilty.  Such a departure would result in a total offense level of 8 and a guideline range of 0-6 months.

Together, §§3B1.1 and 3B1.2 serve the guidelines' objective of ensuring that sentences appropriately reflect the defendant's culpability and specific offense conduct. To this end, §3B1.1 increases the defendant's base offense level if he or she served as an organizer, leader, manager or supervisor in certain criminal activity, whereas §3B1.2 decreases the defendant's base offense level if he or she served as only a minor or minimal participant in the criminal activity.

-4 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of  Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
 (509) 392-8083 fax
doug@mckinleylaw.com

The government has not set forth allegations that Mr. Sanchez was an organizer, leader, manager or supervisor of the larger conspiracy set forth in the government's indictment. Thus, any increase in the sentencing range would rest on an allegation that Mr. Sanchez' conduct included "sophisticated means" to further the objectives of the conspiracy. The facts set forth in the plea agreement do not support such a conclusion.

While the overall scheme set forth in the government's multi-defendant indictment likely involved "sophisticated means," Mr. Sanchez' conduct did not employ "sophisticated means" as the term is defined in USSG §2B1.1(b)(10)(C), so no upward adjustment would be appropriate. In the 2015 amendments to the USSG, this section was specifically amended to narrow the focus of the specific offense characteristic at §2B1.1(b)(10)(C) to cases in which the *defendant* intentionally engaged in or caused conduct constituting sophisticated means. Prior to the amendment, the enhancement applied if "the offense otherwise involved sophisticated means." Based on this language, courts had applied this enhancement on the basis of the sophistication of the overall scheme without a determination of whether the defendant's own conduct was "sophisticated." See, e.g., *United States v. Green*, 648 F.3d 569, 576 (7th Cir. 2011); *United States v. Bishop-Oyedepo*, 480

-5 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
(509) 392-8083 fax
doug@mckinleylaw.com

Fed. App'x 431, 433–34 (7th Cir. 2012); *United States v. Jenkins-Watt*, 574 F.3d 950, 965 (8th Cir. 2009). The Commission concluded that basing the enhancement on the defendant's own intentional conduct better reflects the defendant's culpability and should therefore appropriately minimize application of this enhancement to less culpable offenders.

Not only does Mr. Sanchez' conduct fail to demonstrate "sophisticated means," the opposite is the case. Mr. Sanchez was clearly a minor or minimal participant, and only engaged in the conduct because he was persuaded to by his sister, MARIA ELENA SANCHEZ. As set forth in the PSIR, Mr. Sanchez was only involved in one of the staged accidents that comprised the conspiracy set forth in the government's indictment. The impetus behind that one staged accident was clearly MARIA ELENA SANCHEZ. Not only did MARIA ELENA SANCHEZ conceive of the scheme, MARIA ELENA SANCHEZ orchestrated all aspects of the scheme from start to finish. MARIA ELENA SANCHEZ was a sophisticated paralegal working at a personal injury law firm who understood how to make insurance claims and inflate damages. Mr. Sanchez is and was a mechanic who merely followed his sister's instructions.

-6 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
(509) 392-8083 fax
doug@mckinleylaw.com

The Court does not have to take Mr. Sanchez word for it. The Court can rely on the unindicted co-conspirator, UCC-3, who told investigators: "Ms. Sanchez directed Him (Mr. Sanchez) to back her vehicle into Mr. Sanchez' truck, which was parked behind Ms. Sanchez' vehicle. UCC-3 testified that he backed Ms. Sanchez' vehicle into Mr. Sanchez' vehicle, but Ms. Sanchez stated "oh, it's not good enough" and asked him to back Ms. Sanchez' vehicle into Mr. Sanchez' truck a second time." UCC-3 also testified that he received telephone calls from insurance companies regarding the accident and was "coached by Ms. Sanchez as to what to tell the insurance company." ECF 931 ¶ 53.

Mr. Sanchez also reported that Ms. Sanchez instructed him to get an attorney in order to get money from her insurance company. Mr. Sanchez reported that he was initially represented by Fielding Law Group, where Ms. Sanchez was employed, but due to a conflict of interest, Mr. Sanchez eventually sought representation from Richie Rierersen Injury Attorneys. Ms. Sanchez then set up chiropractor appointments for him and noted that his left shoulder was injured in the car accident. Later, Ms. Sanchez instructed Mr. Sanchez to explain to FBI agents that this car accident and the insurance claims were her fault and that she

-7 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
 (509) 392-8083 fax
doug@mckinleylaw.com

coached him about the insurance compensation. ECF 931 ¶ 54-55. Based on those facts, any upward adjustment sought by the government is not warranted.

USSG §3B1.2 provides for 2-, 3-, and 4-level decreases to the offense level depending on the defendant's mitigating role in the offense:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
In cases falling between (a) and (b), decrease by 3 levels.

Mr. Sanchez conduct falls between a minimal and a minor participant, and should therefore be reduced 3 levels.

Application of §3B1.2 turns primarily on the defendant's particular role in the criminal activity, specifically whether he or she was a "minimal" or "minor" participant. "The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the case." USSG §3B1.2, comment. (n.3(C)). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a mitigating role adjustment. See *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir. 2001); *United States v.*

-8 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
(509) 392-8083 fax
doug@mckinleylaw.com

*Brubaker*, 362 F.3d 1068, 1071 (8th Cir. 2004); *United States v. Silva-De Hoyos*, 702 F.3d 843, 846 (5th Cir. 2012). Mr. Sanchez more than meets that burden.

As already shown, Mr. Sanchez was only involved in a single staged accident, and his involvement in that accident, and all of his subsequent conduct related to the legal, insurance, and medical aspects of the staged accident, were orchestrated by his sister, MARIA ELENA SANCHEZ. There is no dispute, and not even an allegation, that Mr. Sanchez was aware of the wider conspiracy involving the other co-defendants, or the fact that any other staged accidents were taking place. Taken in totality, Mr. Sanchez was a bit player in the wider conspiracy, who acted only at the suggestion and direction of his far more sophisticated sister, MARIA ELENA SANCHEZ.

That said, Mr. Sanchez did understand his conduct was wrong. As set forth in greater detail below, when confronted with his actions by authorities, Mr. Sanchez took full responsibility for his actions and was completely cooperative with federal authorities in describing and acknowledging his wrongful conduct. The Court should therefore understand that while the law provides the designation of Mr. Sanchez as a minimal or minor participant, and thereby affords him the benefit of a 3 level reduction under USSG §3B1.2, Mr. Sanchez is in no way

-9 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
(509) 392-8083 fax
doug@mckinleylaw.com

minimizing or excusing his conduct. He knows what he did was wrong, and he is remorseful for his mistake.

### Section III. 18 U.S.C. § 3553(a) factors

Mr. Sanchez would advise the Court that his request for a sentence of time served at the bottom of the Guideline Range is also appropriate in this case for the following reasons:

1. Mr. Sanchez has already demonstrated sufficient law abiding behavior to give the Court confidence he will not re-offend. Responsive to a summons, on January 14, 2022, Mr. Sanchez voluntarily made his initial appearance for arraignment before a U.S. Magistrate Judge in Richland, Washington. Mr. Sanchez immediately took full responsibility for his conduct, fully cooperated with the US attorney's office in detailing and describing his conduct, entered a guilty plea in this court shortly thereafter, and in the more than two years since, has been gainfully employed and has had no post-indictment incidents of any kind that would cause this or any other court concern;

-10 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
(509) 392-8083 fax
doug@mckinleylaw.com

2. As set forth *infra*, Mr. Sanchez involvement in the overall conspiracy was minimal;

3. Mr. Sanchez is unlikely to reoffend first because he is truly remorseful for his actions and because he will likely be deported at the conclusion of his sentence;

4. Mr. Sanchez conduct in this matter does not evidence a larger pattern of criminal behavior. Mr. Sanchez's prior criminal history is very old and is of a completely different nature than the current charges;

5. A sentence of time served is consistent with other sentences of similarly culpable defendants in this case.

## Discussion

A district court is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of 18 U.S.C. § 3553(a). Those purposes are:

(2) the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
(509) 392-8083 fax
doug@mckinleylaw.com

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). These factors represent the major sentencing considerations of "retribution, deterrence, incapacitation and rehabilitation." *Tapia v. U.S.*, 564 U.S. 319, 325 (2011).

### **The Need To Protect The Public And For Deterrence**

  Given Mr. Sanchez' gainful employment and law-abiding behavior during the more than two years that have passed since his arraignment, the court has reason to be confident he is unlikely to reoffend. This is a case where the best interest of the public is best achieved by means other than confinement. See *U.S. v. Grossman*, 513 F.3d 592, 597 (6th Cir. 2008) (affirming a downward variance and observing that the sentencing court "accounted for § 3553(a)'s concerns that the sentence protect society and deter future criminal conduct," but that "it opted to

-12 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
 (509) 392-8083 fax
doug@mckinleylaw.com

Case 4:21-cr-06042-MKD    ECF No. 1138    filed 05/20/24    PageID.5830    Page 13 of 16

pursue those goals, not through a longer term of imprisonment, but through extensive counseling and treatment and an extensive period of supervised release").

## Advisory Sentencing Guidelines

Assuming the Court agrees that Mr. Sanchez was a minimal or minor participant and the guideline range is reduced three levels, the advisory sentence under the Guidelines in this case is 0-6 months. Under §5C1.1(b), if the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required. See §5C1.1(b) U.S.S.G. (2018). Taking into account the sentencing factors under 18 U.S.C. § 3553(a), a sentence of no time with supervision is warranted based on Mr. Sanchez' low-level involvement in the conspiracy, his post-arraignment behavior, and his low risk of reoffending.

The Guidelines also provide that the Court should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). At least two defendants in this case with similar conduct to Mr. Sanchez, Insaf A Karawi and Hasanein A Yaser, had their prosecutions deferred by the US attorney's office, which will hopefully result in no convictions, and therefore no confinement, for those defendants

-13 DEFENDANT'S SENTENCING MEMORANDUM


Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
(509) 392-8083 fax
doug@mckinleylaw.com

whatsoever.  Several others were given the sentence Mr. Sanchez requests today; no confinement followed by supervised release.  Those cases include:

- Noor Tahseen Al-Maarej who was sentenced to 12 months probation.

- Khalil Abdul-Razaq who was sentenced to credit for time served, 3 years supervised release and $32,935.29 in restitution.

- MohammedAli F Al-Himrani who was sentenced to credit for time served, 3 years supervised release and $ 195,784.39 in restitution.

- Rana J Kaabawi who was sentenced to credit for time served, 3 years supervised release and $ 14,415.67 in restitution.

- Abdullah Al-Dulaimi who was sentenced to credit for time served, 3 years supervised release and $ 100,607.47 in restitution.

Mr. Sanchez' sentence should be similar to these other defendants.  In paragraph 120 of the PSIR, US Probation notes that because Mr. Sanchez has limited income, no investments, and has agreed to pay restitution for this offense, it does not appear he could reasonably pay a fine within the guideline range. ECF

-14 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of  Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
 (509) 392-8083 fax
doug@mckinleylaw.com

931. The fines in this matter should therefore be waived, and interest on the restitution should also therefore be waived.

## Conclusion

Therefore, based on all these factors, Mr. Sanchez respectfully requests that the court sentence him to no confinement with three years of post-release supervision.

Dated: May 20, 2024.

By s/ Douglas E. McKinley, Jr.
Douglas E. McKinley, Jr.
WSBA # 20806
Law Office of Douglas E. McKinley, Jr.
8350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
 (509) 392-8083 fax
doug@mckinleylaw.com

-15 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
 (509) 392-8083 fax
doug@mckinleylaw.com

Certificate of Service

I hereby certify that on May 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Brandon Lloyd Pang, Assistant United States Attorney.

s/ Douglas E. McKinley, Jr.
Douglas E. McKinley, Jr.

-16 DEFENDANT'S SENTENCING MEMORANDUM

Law Office of Douglas E. McKinley, Jr.
18350 Grandridge Blvd., Suite 200
Kennewick, WA 99336
(509) 628-0809
 (509) 392-8083 fax
doug@mckinleylaw.com