FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MASHAEL A. BACHAY,<br>Defendant. | No. 4:21-CR-06042-MKD-6<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT ON INDICTMENT<br><br>AND GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**MOTION GRANTED (ECF No. 1432)** |

On November 2, 2026, the Court held a hearing for Defendant MASHAEL A. BACHAY's initial appearance and arraignment based on an Indictment. Defendant appeared in custody assisted by court certified Arabic interpreter Amine El Fajri and represented by attorney Jeffrey Kradel. Assistant U.S. Attorney Brandon Pang represented the United States. U.S. Probation Officer Patrick Dennis was also present.

The Court confirmed defense counsel is confident he does not have a conflict in his representation of Defendant despite previously representing Defendant's spouse, a Co-Defendant in the present case. Counsel noted that Mr. Bachay's case is resolved and there is no appeal pending.

## I. INITIAL APPEARANCE

Defendant was advised of, and acknowledged, her rights. The Court entered a plea of not guilty to the Indictment on Defendant's behalf.

The United States sought Defendant's detention. **ECF No. 1432**. Defendant requested an immediate detention hearing.

Pursuant to 18 U.S.C. § 3142(f)(2)(A) and (B), the Court found by a preponderance of the evidence the Court may hold a detention hearing based on a serious risk of flight and a serious risk of obstruction of justice. The Court's finding was based on the Government's oral proffer and the proffer set forth in the Government's Motion for Detention. ECF No. 1432 at 1-5.

## II. DETENTION HEARING

The United States made factual proffers and argued the Court should detain Defendant. The Government asserted there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The United States argued Defendant has dual citizenship in both Iraq and the United States, has strong ties to other countries, fled the United States following execution of a search warrant at Defendant's residence, and fully litigated and resisted her extradition to the United States from the United Kingdom.

Defendant, through counsel, made factual proffers and argued there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Defendant argued she was not detained in the United Kingdom during extradition proceedings and was fully compliant with all conditions of release.

***<u>Review and Consideration of the 18 U.S.C. § 3142 Factors:</u>*** The Court reviewed and considered the Indictment, ECF No. 1; the United States' Motion for Detention, ECF No. 1432; the Pretrial Services Report, ECF No. 1431; and the arguments and proffers of counsel. Pursuant to 18 U.S.C. § 3142, the Court also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics,

including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

***Nature and Circumstances of the Charged Offense:*** The nature and circumstances of the charged offenses are serious and weigh in favor of detention. The Indictment charges Defendant with Mail Fraud, in violation of 18 U.S.C. § 1341; Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1349; and Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. §1347, 1349. ECF No. 1. Additionally, the United States proffered that Defendant and her Co-Defendant spouse left the country after search warrants were executed at their residence and before an Indictment was returned by the Grand Jury. While Defendant suggests she left the country due to health issues with her mother, there is no evidence before the Court to support Defendant's assertion and the Government proffered that Defendant's Co-Defendant spouse actively encouraged other defendants in this case to flee the country. Accordingly, it is not unreasonable to infer that Defendant's departure from the United States prior the return of the Indictment was motivated at least in part by an intent to avoid prosecution.

***Weight of the Evidence:*** The weight of the evidence was sufficient for the return of an Indictment, though this is the least important factor in the Court's analysis. This factor also weighs in favor of detention, particularly given the inherently deceptive nature of the allegations.

***Defendant's History and Characteristics:*** Defendant has no known criminal convictions. ECF No. 1431 at 3. Defendant is 36 years old and reported she has lived in San Diego, California since 2019. ECF No. 1431 at 2. However, according to the United States' proffer, Defendant has been living in the United Kingdom and other countries since 2021. Defendant is married and has three children. *Id*. Defendant reports she has a degree from a college in San Diego, but could not recall the name of the college. *Id*. Defendant is unemployed. *Id*. Defendant has no history of substance use or alcohol use. *Id* at 3.

The Government also proffered that Defendant resisted extradition to the United States from the United Kingdom for over two years and that Defendant was a fugitive from December 2021 until her arrest in the United Kingdom on May 17, 2024. ECF No. 1432 at 2. The Government also proffered there is reason to believe that Defendant was aware of the Indictment in this case prior to her arrest in the United Kingdom based on her Co-Defendant spouse's conduct encouraging other defendants to flee the United States. This factor weighs in favor of detention. Based on the record in this case, there is a reasonable inference that Defendant was aware of the investigation in this case, Defendant then left the country, and when finally apprehended, Defendant chose to resist returning to the United States.

***Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:*** There do appear to be sufficient conditions of release the Court could impose to minimize any danger Defendant might present to the community. This factor weighs in favor of release.

***Findings Pursuant to 18 U.S.C. § 3142:*** Accordingly, for all the reasons stated in this Order, the Court finds the United States has established by a preponderance of the evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and the United States has not

established by clear and convincing evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of other persons or the community if Defendant were released.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention, **ECF No. 1432**, is **GRANTED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

2. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket, and Richland cases shall be heard on the following Thursday docket. If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket

3. If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant. If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

4. The Court directs the parties to review the Local Criminal Rules: https://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders

5. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*:

a. The government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

b. Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

c. If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in*

*camera* review and/or withholding or subjecting to a protective order all or part of the information.

d. This Disclosure Order is entered under Rule 5(f) and does not relieve any part in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 582 U.S. 313, 315 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

6. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED November 6, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE